Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9037 | **DATE** | 12/29/2011 |
| **CASE TITLE** | Eyad M. Awad (2011-0827001) v. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $3.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. Plaintiff's motion for the appointment of counsel [4] is granted. The Court appoints Elizabeth Ann Knight of Knight, Hoppe, Kurnik & Knight LLC, 5600 North River Road, Suite 600, Rosemont, IL 60018, (847) 261-0714, to represent Plaintiff in accordance with counsel's trial bar obligation under N.D. Local Rule 83.11(g). Within 30 days of the date of this order, counsel should enter an appearance and inform the Court if she wants to proceed with the current complaint or submit an amended complaint. Summonses will not issue until counsel informs the Court how she intends to proceed.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff, Eyad Awad, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $3.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint and dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

     Plaintiff alleges that on August 26, 2011, he was physically assaulted by two correctional officers while a third correctional officer stood by and watched. Plaintiff was sent to the hospital for his injuries from the attack. Plaintiff does not know the names of the correctional officers involved in the attack and names Sheriff Thomas Dart and three unknown (John Does) as Defendants.

     Preliminary review of the complaint, *see* 28 U.S.C. § 1915A, indicates that Plaintiff has stated a colorable cause of action against the unknown Defendants . However, summonses shall not issue for service of the complaint on the sole named Defendant, Sheriff Dart, as Plaintiff has not stated a claim against Sheriff Dart but he may need to be retained as a Defendant to learn the identities of the unknown correctional officers. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995);

| STATEMENT |
|---|
| *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (collectively, when a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor). Given the nature of Plaintiff's claims, the Court grants Plaintiff's motion for the appointment of counsel. The Court appoints Elizabeth Ann Knight of Knight, Hoppe, Kurnik & Knight LLC, 5600 North River Road, Suite 600, Rosemont, IL 60018, (847) 261-0714, to represent Plaintiff in accordance with counsel's trial bar obligation under N.D. Local Rule 83.11(g). Within 30 days of the date of this order, counsel should enter an appearance and inform the Court whether she intends to proceed with the current complaint or file an amended complaint, if she is able to do so under Fed. R. Civ. P. 11(b). Counsel can request that the clerk issue summonses after she has informed the Court how she intends to proceed. |
| |